AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | )  |
|---|---|
| IN RE *EX PARTE* APPLICATION OF TIBERIUS GROUP AG | )  Misc. Action No. |
| | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Citibank N.A. Subpoena Compliance Unit
701 E. 60th St. N., P.O. Box 6034, MC 1251, Sioux Falls, SD 57117-6034

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Material listed in the attached Document Requests

| Place: Tressler LLP<br>One Penn Plaza, Suite 4701<br>New York, NY  10119 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tiberius Group AG _____, who issues or requests this subpoena, are:

Courtney Scott; Tressler LLP; One Penn Plaza, Suite 4701; New York, NY 10119; Tel: (646) 833-0900; email: cscott@tresslerllp.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:19-mc-00467-VSB   Document 7-1   Filed 10/21/19   Page 3 of 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS AND INSTRUCTIONS

1.  The terms "Citibank N.A.," "Citibank," "You," "Your," and "Yours" mean and include Citibank N.A. and any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, officer, director, shareholder, manager, employee, agent, or representative thereof.

2.  The term "Person" shall mean any natural person and any corporation, partnership, firm, joint venture, sole proprietorship, or other legal or business entity of any kind.

3.  The term "Applicant" means Tiberius Group AG ("Tiberius").

4.  The term "Account" means each and every account, agreement, arrangement, accommodation, service, or facility for the advance, credit or cash advance (including any credit, debit, ATM, or similar card), currency or monetary exchange or transfer, clearance, custody, delivery, deposit, exchange, extension, funding, investment, lending, payment, presentment, receipt, recording, safekeeping, settlement, transfer or withdrawal of any cash, check, credit, currency, debit, draft, financial asset, foreign exchange, commodity, fund, general intangible, instrument, investment property, money, payment or right to payment, security, specie, or other similar thing of value or medium of exchange or proceeds thereof, held, maintained, made by or extended by, to or from the account holder, in the account holder's name, or for the account holder's benefit, or held, maintained, made by or extended by, to or from any other person or entity owned or controlled, in part or in full, by the account holder or for which the account holder has power or authority or otherwise purports to act, alone or with other persons, for the benefit or use of any other person or entity.

5.  The terms "Document" or "Documents" each shall mean all writings and recordings as defined in Rule 1001 of the Federal Rules of Evidence and include the original, each copy—whether or not different from the original by reason of handwritten notations or

otherwise—and any Draft of any and all written, printed, typed, recorded, taped, graphic, computerized printout, electronically stored, Electronic Data, electronically or computerized compiled, or other matter or materials, from whatever source, including information stored on any Electronic Media, or otherwise recorded matter, however produced or reproduced, and whether not now in existence, pertaining in any matter to the subject matter indicated, and includes, without limiting the generality of the foregoing, all tape recordings or other forms of recordings, correspondence, records, memoranda, notes, letters, telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, analyses, books, records, electronic mail messages (whether by a work or personal e-mail account and whether "in box," "out box," "trash" or "deleted items"), text messages, instant messages, booklets, circulars, bulletins, instructions, minutes, or other written Communications, questionnaires, surveys, contracts, instruments, deeds, leases, memoranda of agreement, assignments, books or account, orders, records or summaries of negotiations, records, notes or summaries of personal interviews or conversations, diaries, schedules, printouts, drawings, blueprint specifications, schematics, graphs, charts, studies, planning materials, statistical statements, forecasts, work papers, invoices, statements, bills, checks, bank books, bank statements, securities vouchers, notebooks, data sheets, microfilm, microfiche, photographs, photographic negatives, tapes, magnetic tapes, paper tapes, plotter output recordings, discs, data cards, films, data processing files, and other computer-readable records or programs, Documents which have been logically deleted but not physically erased, catalogues, brochures, all other written or printed matter or any kind, and all other tangible things.  You are required to produce all Documents, including all originals, non-identical copies, Drafts, and revisions.

      6.      The term "Electronic Data" shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical

because of notes made on them, or comments attached to them, or annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. "Electronic Data" includes, by way of example and not limitation, computer programs (whether private, commercial or works-in-progress), programming notes or instructions, activity listings of electronic mail recipients and/or transmittals, output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data exists in an active file, deleted file or file fragment. "Electronic Data" also includes but is not limited to any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, and any other vehicle used for digital date storage and/or transmittal.

7. The term "Electronic Media" shall mean any magnetic or other storage media device used to record Electronic Data. Electronic Media devices include, but are not limited to, computer memories, hard disks, diskettes, cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, and any other vehicle used for digital storage and/or transmittal.

8. The terms "Communication" or "Communications" each shall mean all contact between two or more persons, whether written, oral, telephonic, computer, electronic mail (whether by a work or personal e-mail account and whether "in box," "out box," "trash" or "deleted items"), facsimile, inquiries, discussions, conversations, negotiations, agreements,

understandings, meetings, letters, notes, telegrams, telex, Blackberry Messenger or similar messaging service, advertisements, or interviews.

9. The term "Concerning" shall mean relating to, constituting, referring to, reflecting, supporting, prepared in connection with, used in preparation for, pertaining to, describing, discussing, having any relationship to, evidencing or constituting evidence of, or being in any way legally, logically, or factually connected with the matter discussed, in whole or in part.

10. The terms "and," "or," or "and/or" each shall be construed in both the conjunctive and disjunctive, and each shall include the others wherever dual construction will serve to bring within the scope of a request any Document which would otherwise not be brought within its scope.

11. The use of the singular form of any word shall be construed to include the plural and vice versa.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13. All words, terms, and phrases, not specifically defined herein are to be given their normal and customary meaning in the context in which they are used herein.

14. Except as otherwise noted, the requests herein seek the production of Documents created in or referencing the time period beginning August 24, 2016 and continuing until the present (the "Relevant Period").

15. In the event that the name of the account holder listed herein differs from the account holder of record for the associated account number, produce all documents associated with both: (i) the account number; and (ii) all accounts held in the name of the account holder.

16. In the event an account holder listed herein does not have a corresponding account number listed, the requests herein shall apply to all accounts associated with the listed account holder.

17. Each request herein requires You to produce all Documents called for that were created or originated by You, or such Documents that came into Your possession, custody, or control, including the possession, custody, or control of any Persons acting or purporting to act on Your behalf, or any other Persons from whom You have the right to secure or compel production of Documents, from all files or other sources that contain responsive Documents, wherever located and whether active, in storage, or otherwise.

18. If any Document called for by these requests is not produced or is redacted on the ground that it is, in whole or in part, privileged or otherwise claimed to be protected against production, You shall identify the Document, including, but not limited to, providing the following information with respect to each such Document:

    a. its date;

    b. its author(s), its signator(ies), its recipient(s) and those Persons who participated in its preparation;

    c. the type of Document (*e.g.*, letter, chart, memorandum, etc.);

    d. a description of the non-produced subject matter and the length thereof;

    e. a list identifying those Persons to whom said Document(s) was disseminated; and

    f. the nature of the privilege or other basis relied upon by Citibank in withholding production of each such Document or portion thereof.

19. Documents produced shall be produced as they are kept in the usual course of business or, alternatively, shall be organized and labeled to correspond to the specifications

of the particular requests, set forth below, in response to which such Documents are produced.

20. Nothing in these requests shall be construed as a waiver of any objections to the admissibility or relevance of any Document or category of information sought herein.

21. These requests hereby incorporate by reference the definitions set forth above, as well as those provided by Rule 34(a) of the Federal Rules of Civil Procedure and Local Civil Rule 26.3.

## DOCUMENT REQUESTS

1. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where West African Mineral Trading Ltd. is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present, including but not limited to all wire transfer records originating from, benefitting or otherwise referencing:

   West African Mineral Trading Ltd.

   United Bank for Africa PLC

   Swift: UNAFNGLA

   Account No: 3002109063

2. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Malcomines Ltd. is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present, including but not limited to all wire transfer records originating from, benefitting or otherwise referencing:

   Malcomines Ltd.

   United Bank for Africa PLC

   Swift: UNAFNGLA

   Account No: 3001778846

3. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Malcomines GmbH is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present, including but not limited to all wire transfer records originating from, benefitting or otherwise referencing: any account in the name of Malcomines GmbH at Basellandschaftliche Kantonalbank.

4. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where S & M Pan African Mines & Logistics Ltd. is an originator, beneficiary, or is

otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present, including but not limited to all records of wire transfers originating from, benefitting or otherwise referencing:

S & M Pan African Mines & Logistics Ltd.

United Bank for Africa PLC

Swift: UNAFNGLA

5. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Full Bliss Logistics Ltd. is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present;

6. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Michel Babic (alternatively spelled Misel Babic or Micel Babic) is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present, including but not limited to all records of wire transfers originating from, benefitting or otherwise referencing:

Michael Babic

UBS AG

Swift: UBSWCHZH63A

IBAN: CH58 0027 3273 1515 2840 P

7. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Murtala Laushi is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present.

8. Copies of all wire transfer records processed by Citibank, as an intermediary bank, where Malcomines Minor Metals Ltd. is an originator, beneficiary, or is otherwise referenced in the wire transfer for the period beginning August 24, 2016 to the present.