UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF TIBERIUS GROUP AG FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Misc. Action No. 1:19-MC-00467<br><br>**DECLARATION OF PATRICK IKWUETO IN SUPPORT OF MOTION TO QUASH OR FOR A PROTECTIVE ORDER** |

I, Patrick Ikwueto, pursuant to 28 U.S.C. § 1746, hereby declare:

1.  I am a Legal Practitioner and was called (admitted) as a Barrister and Solicitor of the Supreme Court of Nigeria on 22 August 1985. I was elevated to the rank of Senior Advocate of Nigeria ("SAN") on 13 September 2004. I am a SAN of Ikwueto, a Registered Law Firm in Nigeria, and I represent Malcomines Ltd. ("Malcomines") in the action entitled *Tiberius Group AG et al. v. Malcomines Ltd.*, Suit No. LD/2657/19, before the High Court of Lagos State, Nigeria (the "Nigeria Action"). I make this declaration in support of Malcomines' motion to quash. I have personal knowledge of the facts set forth in this declaration.

2.  I am a graduate of the University of Nigeria, Enugu Campus and the Nigerian Law School. I was admitted to practice law in Nigeria in 1985. A true and correct copy of my CV is attached hereto as Exhibit 1.

3.  I am sufficiently knowledgeable of the practice and procedures applicable to proceedings in the High Courts and other Courts in the Federal Republic of Nigeria. Particularly, I am very conversant with the practice and procedures, and the rules applicable in the High Court of Lagos State.

4. Under the Nigerian Law and as regards the procedure applicable to proceedings before the High Court of Lagos State, a party that intends to obtain further information against or from the opposite party is required to file and serve the requisite Form for Discovery and or Interrogatories under Order 29 of the High Court of Lagos State Civil Procedure Rules. The court (Judge) will consider such an Application for Discovery and Interrogatories at a Case Management Conference (CMC).

5. As a matter of Nigerian law, any third party subpoena must be presented to the court and signed by the judge assigned to the matter. Although subpoenas are issued at the instance of a party, a third party witness is considered a "Court witness" under Nigerian law, and the Nigerian court will determine whether the subpoena should be issued to any third party witness wherever that witness may be located. (Order 32 Rules 10, 20, 24 and 25, Lagos Rules; section 253(2), Evidence Act). Even where a party applies for the issuance of a subpoena to call a witness, such a witness summoned by subpoena is regarded as a witness summoned with the permission of the court and may, if refusing to attend court or testify, be liable for committal for contempt of court

6. Under no or virtually no circumstances would a Nigerian court permit a party to obtain financial or banking information of non-parties in an action in which the amount wired from one party to the other is undisputed and wires of the non-parties are irrelevant.

7. Under no or virtually no circumstances would a Nigerian court permit a party to obtain financial or banking information of parties where the requesting party already has the relevant information.

8. Under no or virtually no circumstances would a Nigerian court permit a party to obtain financial or banking information of parties where the requesting party already misused

commercial information of the adverse party.

9. In the Nigeria Action specifically, and as a matter of Nigerian law, any third party subpoena must be presented to the High Court and signed by the judge assigned to the matter. Although subpoenas are issued at the instance of a party, a third party witness (such as a Bank) is considered a "Court witness" under Nigerian law, and the High Court determines whether the subpoena should be issued.

10. In the Nigeria Action specifically, under no or virtually no circumstances would the High Court permit Tiberius Group AG ("Tiberius") to obtain financial or banking information of non-parties Malcomines GmbH, S & M Pan African Mines & Logistics Ltd., Full Bliss Logistics Ltd., Michel Babic, Murtala Laushi, and Malcomines Minor Metals Ltd.

11. In the Nigeria Action specifically, under no or virtually no circumstances would the High Court permit Tiberius to obtain financial or banking information of Malcomines where Tiberius already has the relevant information (the amount of wires it sent to Malcomines).

12. In the Nigeria Action specifically, under no or virtually no circumstances would the High Court permit Tiberius to obtain financial or banking information of Malcomines where Tiberius already misused commercial information of Malcomines by contacting Malcomines customers in Africa and Asia, committed trade libel and competed in an unfair manner.

13. In the Nigerian Action, at no time did Tiberius request the High Court to grant approval to file Discovery/Interrogatories in order to obtain further and or additional information from Malcomines as required.

14. In the Nigeria Action, at no time did Tiberius seek the approval of the High Court for the subpoenas as required.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November, 2019, at Abuja, Christian, Nigeria.

_____
Patrick Ikwueto