UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                 :

IN RE *EX PARTE* APPLICATION OF    :
TIBERIUS GROUP AG FOR AN ORDER TO  :
OBTAIN DISCOVERY FOR USE IN A      :   Misc. Action No. 1:19-MC-00467-VSB
FOREIGN PROCEEDING                         :
                                                 :
-------------------------------------------------------------- X

## DECLARATION OF COURTNEY E. SCOTT
## IN OPPOSITION TO OBJECTORS' MOTION TO QUASH

I, Courtney E. Scott, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am an attorney admitted to practice before this Court and a member of Tressler LLP, counsel for Tiberius Group AG ("Applicant" or "Tiberius").

2. I submit this declaration in support of Tiberius' opposition to Objectors' motion to quash the subpoenas ordered by this Court pursuant to 28 U.S.C. § 1782.

3. A hearing was held on December 12, 2019 in the High Court of Lagos in connection with, inter alia, Malcomines Ltd.'s application to discharge the Mareva Injunction. Before the High Court were hundreds of pages of sworn affidavits and documentary evidence submitted by Malcomines Ltd., as well as Tiberius and WAMT, relating to the merits of the parties' dispute and the grounds for the Mareva Injunction. I am advised by Nigerian counsel that the High Court dismissed Malcomines Ltd.'s application to discharge the Mareva Injunction, finding that the grounds upon which Malcomines wishes to have the orders discharged, *i.e.*, allegations of misconduct by Tiberius similar to those advanced here were premature and could only be verified or substantiated during trial. The High Court further granted the request of Malcomines and WAMT to extend the Mareva injunction, exercising its discretion to do so given the circumstances of the case and the reasons why the *ex parte* orders were granted in the first place. The High Court

conditioned its extension on an undertaking by Malcomines and WAMT for any losses incurred in the event that it is found that the Mareva Injunction should not have been granted by the Court and on Malcomines Ltd.'s providing a bank guarantee or bond to the value of the Tiberius and WAMT's claims.

4. Attached hereto as Exhibit A is a true and accurate copy of the High Court of Lagos State (Civil Procedure) Rules 2019, Order 36: Evidence Generally.

5. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on December 13, 2019 in New York, New York.



Courtney E. Scott