UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
IN RE *EX PARTE* APPLICATION OF                               :
TIBERIUS GROUP AG FOR AN ORDER TO                             :
OBTAIN DISCOVERY FOR USE IN A                                 :  Misc. Action No. 1:19-MC-00467-VSB
FOREIGN PROCEEDING                                            :
                                                              :
------------------------------------------------------------- X

## DECLARATION OF MICHAEL MEREDITH
## IN OPPOSITION TO MOTION TO QUASH

Pursuant to 28 U.S.C. § 1746, Michael Meredith declares:

1. I am a British citizen residing in Zug, Switzerland.

2. I am a director and shareholder of Tiberius Group AG ("Tiberius"), and in that capacity am familiar with the facts and circumstances underlying this Application.

3. As set forth below, I have personal knowledge of the following facts, except as to those facts alleged on information and belief, and as to those facts I am informed and believe they are true.

4. I previously attested to the background facts of the current litigation in Nigeria brought by Tiberius and West African Minerals Trading ("WAMT") against Malcomines Ltd. and contemplated future legal proceedings involving Malcomines Ltd. and the additional parties included in the subpoenas authorized by the Court in my Declaration dated 18 October 2019 in Support of Tiberius' Application for an Order Under 28 U.S.C. § 1782 (the "October Declaration").

5. Rather than repeat each of the statements in my October Declaration, I incorporate those statements into this Declaration and request that the Court consider them in determining this motion.

6. I have reviewed the Declaration of Murtala Laushi dated 18 November 2019 and the attached documents submitted to the Court in support of Malcomines' Motion to Quash the subpoenas to New York banks.

7. Tiberius absolutely disputes the allegations made by Laushi that Tiberius' subsidiary WAMT owes any amount to Malcomines in connection with transactions involving tin concentrates. Malcomines and Laushi do not dispute that Tiberius and WAMT have commenced an action in the High Court of Lagos, Nigeria alleging the opposite. Tiberius further disputes many of the claims made in the Laushi Declaration, including the accuracy and/or authenticity of certain of the attachments to Laushi's Declaration. Tiberius and WAMT will address these issues in the Nigeria Action.

8. Tiberius and WAMT are actively pressing their case in Nigeria, including through the submission of evidence establishing their claims against Malcomines, including the factual allegations in my October Declaration. Tiberius and WAMT expect and intend to prevail in the Nigeria Action. The factual issues raised in the Laushi Declaration will be decided by the Nigeria courts and Tiberius and WAMT will submit evidence in support of their allegations at the appropriate time in the Nigeria Action.

9. I will respond directly to certain of the allegations made by Laushi that are most relevant to Tiberius' Application in this Court.

10. In his Declaration at ¶ 4, Laushi specifically challenged my earlier statement that he is the owner of a Nigerian company entity called S&M Pan African Mines & Logistics Ltd. ("S&M"). Since the date of my earlier Declaration, Tiberius has commissioned a search of the records of the Corporate Affairs Commission of Nigeria. The information provided by the Corporate Affairs Commission confirmed that Misel Babic, former Tiberius employee and director

of WAMT, as well as current director of Malcomines Ltd. and Malcomines GmbH, is actually one of the two founding directors of S&M and the owner of 450,000 of S&M's one million issued shares representing 45% of the voting rights. Laushi claims that he is has "never been in control of nor managed S&M," which I did not allege in my October Declaration. Laushi does not deny that he ever owned shares of S&M and Tiberius is not currently able to verify whether Laushi has been an owner of S&M during the relevant time period.

11.     The fact that Tiberius had initially believed, in good faith but incorrectly, that Laushi, rather than his partner Babic, owns and controls S&M does not weaken the rationale for Tiberius' Application seeking details of wire transfers to and from S&M while Babic was a director of WAMT with the authority to direct transfers of WAMT's funds.

12.     Records available to Tiberius show that in 2018 and 2019, while Babic was in control of the movement of funds from WAMT, more than US$ 2 million was transferred to S&M for which no explanation was provided to Tiberius.

13.     As set forth in detail in my October Declaration, Babic and Laushi, both were directors of WAMT during the relevant time period. Babic was in a position to direct the transfers of funds from WAMT from its incorporation in 2016 through August 2019. Babic conducted business with Malcomines on behalf of WAMT, and by extension, Tiberius, through May of 2019, shortly thereafter becoming a 50% owner and director of Malcomines Ltd. with Laushi. Babic and Laushi are equal owners of Malcomines GmbH which, as of August 28, 2019, is the owner of 100% of the shares of Malcomines Ltd. See Exh. 3 to my October Declaration. Tiberius has established the multiple overlapping relationships between Babic, Laushi, WAMT, Malcomines Ltd., Malcomines GmbH and S&M during the time period relevant to the Nigerian Action.

14. Tiberius is not currently aware of what role Malcomines Minor Metals may have played in what Tiberius reasonably believes to have been a diversion of its funds, through WAMT and at the direction of Babic or Laushi. The records sought by this Application should clarify this issue. Laushi does not, in his Declaration, make any representations relating to this issue or the ownership of Malcomines Minor Metals, stating only that it is a non-party whose records are not relevant. Considering the relations between Malcomines Ltd., Malcomines GmbH, Babic and Laushi, transfers to and from Malcomines Minor Metals by any of these entities and persons, or by WAMT at the direction of Laushi or Babic, are potentially highly relevant to current and contemplated claims by Tiberius and WAMT.

15. As stated in my October Declaration, Misel Babic has acted to frustrate Tiberius' attempts to retake control of WAMT and its bank accounts in Nigeria after Tiberius terminated his appointment as director of WAMT and an employee of Tiberius. Babic represented to Tiberius that on 6th August 2019, the WAMT bank accounts had been closed and statements could no longer be provided. Tiberius was not provided with complete records of WAMT's financial transactions since incorporation and cannot be confident that the records currently available to it contain the full details regarding transactions relevant to its pending and contemplated claims.

16. Based on Babic's actions, Tiberius has no confidence that it currently has the complete financial records of WAMT. Tiberius, of course, has records of the US$35 million it transferred to WAMT in connection with tin concentrates transactions involving Malcomines, but this is not a substitute for having the full, complete and accurate records of WAMT's use and U.S. dollar transactions utilizing these funds. The records sought by this Application from the US banks include WAMT's transactions. Tiberius is entitled to this information and none of the objecting parties should be allowed to object to this aspect of the subpoenas authorized by this Court.

17. Tiberius does not concede that it is a competitor of Malcomines Ltd. in the market for tin concentrates and minerals from Nigeria. Tiberius also disagrees with Laushi's claim that the identity of its customers is protected, confidential information. Initially, I note that several of the customers with whom Malcomines does business relating to tin concentrates and minerals are known to Tiberius and WAMT as they were introduced to Malcomines through Tiberius and WAMT introducing them to Babic. Additionally, the identity of Malcomines' key clients is publicly available information. The market for tin concentrates from Nigeria is not large, and the identity of Malcomines' customers is not confidential.

18. Tiberius and WAMT remain willing to enter into an appropriate agreement for the confidential treatment of information that is actually confidential. Tiberius objects to the objecting parties' request that their counsel "first be given the opportunity to redact the confidential names and financial details of customers unrelated to the Nigeria action" as this could defeat the purpose of subpoenas authorized by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of December 2019, at London, England.

_M. Meredith_
Michael Meredith