UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF TIBERIUS GROUP AG FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Misc. Action No. 1:19-MC-00467 |

<u>**MALCOMINES LTD., MALCOMINES GMBH, S&M PAN AFRICAN MINES & LOGISTICS LTD., MICHEL BABIC, MURTALA LAUSHI & MALCOMINES MINOR METALS LTD.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO QUASH**</u>

        Michael S. Cryan, Esq.
        ARENT FOX LLP
        1301 Avenue of the Americas
        42nd Floor
        New York, NY  10019
        Tel:  212-484-3900
        Fax:  212-484-3990
        michael.cryan@arentfox.com
        *Attorneys for Objectors*
        *Malcomines Ltd., Malcomines GmbH,*
        *S&M Pan African Mines & Logistics*
        *Ltd., Michel Babic, Murtala Laushi,*
        *and Malcomines Minor Metals Ltd.*

<u>Of Counsel</u>
Timothy J. Feighery, Esq.
ARENT FOX LLP
1717 K Street, N.W.
Washington, DC 20006

AFDOCS/21247223.1

## TABLE OF CONTENTS

                                                            **Page**

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.     MALCOMINES NEVER ARGUED THAT NIGERIAN LAW PROHIBITED THE FILING OF THE APPLICATION .................................................................. 2

    II.    MALCOMINES' EXPERT NEVER OPINED THAT EVIDENCE GATHERED ABROAD WAS INADMISSIBLE IN NIGERIA ............................................................. 2

    III.   TIBERIUS NEVER ADDRESSED MALCOMINES' ARGUMENT THAT TIBERIUS' REQUEST CONSTITUTES AN END-RUN AROUND APPLICABLE DISCOVERY PROCEDURES IN NIGERIA ......................................... 3

    IV.   TIBERIUS NEVER CHALLENGED THE EXPERT OPINIONS OF PATRICK IKWUETO ............................................................................................................ 4

    V.    THE SUBPOENAS SHOULD BE QUASHED BECAUSE THE DEMAND FOR HIGHLY SENSITIVE FINANCIAL AND CUSTOMER INFORMATION IS UNDULY INTRUSIVE .................................................................................................. 5

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Etienne*,
 No. 09-CV-3582, 2010 WL 2776078 (E.D.N.Y. July 13, 2010) ................................................6

*Aventis Pharma v. Wyeth*,
 No. M-19-70, 2009 WL 3754191 (S.D.N.Y. Nov. 9, 2009) ............................................3, 4, 5

*Hynes as Trustee of Calling Card Distribution Trust v. Giambalvo*,
 No. 09 CV 2599 (ARR)(LB), 2010 WL 11626954 (E.D.N.Y. May 5, 2010) ..........................6

*In re Application of HydroDive Nigeria, Ltd.*,
 Misc. No. 13–MC–0477, 2013 WL 12155021 (S.D. Tex. May 29, 2013) ..............................6

*In re Application of Setraco Nigeria Ltd.*,
 2013 WL 3153902 (M.D. Fla. June 19, 2013) .........................................................................2

*In re del Valle Ruiz*,
 939 F.3d 520 (2d Cir. 2019) .....................................................................................................2

*In re Godfrey*,
 526 F. Supp. 2d 417 (S.D.N.Y. 2007) ......................................................................................2

*In re MT "Baltic Soul" Produktentankschiffahrtsgesellschaft MGH*,
 No. 15 MISC 319(LTS), 2015 WL 5824505 (S.D.N.Y. Oct. 6, 2015) .................................5, 6

*In re Noboa*,
 No. M19–111, 1995 WL 581713 (S.D.N.Y. Oct. 4, 1995) ......................................................6

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
 376 F.3d 79 (2d Cir. 2004) ..............................................................................................3, 4, 5

**Statutes**

28 U.S.C. § 1782 ................................................................................................1, 2, 3, 4, 5, 6

Malcomines Ltd. ("Malcomines"), Malcomines GmbH, S&M Pan African Mines & Logistics Ltd., Michel Babic, Murtala Laushi, and Malcomines Minor Metals Ltd. (collectively, the "Objectors") respectfully submit this reply memorandum of law in further support of their motion to quash or for a protective order with respect to the Subpoenas (capitalized terms have the same meaning as in the motion) Tiberius issued to the seven Banks in this miscellaneous action brought under 28 U.S.C. § 1782. (Ex. 1 to Cryan Decl.)

This reply is based strictly on the following undisputed facts.

### FACTUAL BACKGROUND

All of the facts set forth in Malcomines' Memorandum of Law (ECF No. 21, the "Mem.") at pp. 2-7 are undisputed except that Tiberius disputes that it is a competitor of Malcomines (*see* Memorandum of Law in Opposition to Motion to Quash (ECF No. 24) ("Opp'n") at 15). On that specific point, Tiberius admitted that it "is engaged in the purchase and sale of tin concentrates in Nigeria" (Meredith Decl. ¶ 5). At the same time, Tiberius did not dispute that "Malcomines is engaged in the sale of minerals including tin concentrates" (Mem. at 2 (citing Laushi Decl. ¶ 5)). These undisputed facts are sufficient for present purposes to confirm the fact that both Malcomines and Tiberius are engaged in the purchase and sale of tin concentrates in Nigeria. Beyond this issue, Tiberius' Opposition is wholly confined to avoiding the issues raised in the motion – Tiberius' Opposition is completely devoted to employing abrogated, criticized authority to dispute issues that were not even raised in Malcomines' motion.

Tiberius conspicuously and studiously avoided addressing the issues actually raised in Malcomines' motion. Based on the motion and the following five critical points, the motion to quash Subpoenas should, respectfully, be granted.

1

# ARGUMENT

## I. MALCOMINES NEVER ARGUED THAT NIGERIAN LAW PROHIBITED THE FILING OF THE APPLICATION

Tiberius cited the *abrogated* ruling in *In re Godfrey*, 526 F. Supp. 2d 417 (S.D.N.Y. 2007) and the inapplicable decision in *In re Application of Setraco Nigeria Ltd.*, 2013 WL 3153902 (M.D. Fla. June 19, 2013) in arguing that there was "'*no Nigerian law, rule of evidence, or rule of civil or criminal procedure prohibiting the filing*' of a Section 1782 petition" (Opp'n at 6 (quoting *Setraco*, 2013 WL 3153902, at *3 (emphasis added by Tiberius)). *Godfrey* was abrogated by the Second Circuit in *In re del Valle Ruiz*, 939 F.3d 520, 532 n.15 (2d Cir. 2019). *Setraco* is utterly inapposite – unlike here, there was no pending action in Nigeria (or anywhere else) and *Setraco* never even discussed the issue of circumvention of foreign proof-gathering restrictions.

Malcomines proved – without dispute – that in Nigeria, unlike in the United States, specific approval by the judge supervising the case is required for all third party discovery – whether that discovery is pursued within or outside Nigeria (Mem. at 9-10). Malcomines never argued that Nigerian law "prohibited" the filing of a § 1782 application. Rather, Malcomines showed that § 1782 should not be used to circumvent foreign procedures, as Tiberius attempts to do here.

## II. MALCOMINES' EXPERT NEVER OPINED THAT EVIDENCE GATHERED ABROAD WAS INADMISSIBLE IN NIGERIA

Malcomines never argued about the admissibility of evidence. Malcomines' esteemed expert, Nigerian barrister and solicitor Patrick Ikwueto, never even mentioned the topic of the admissibility of evidence. Not a word about admissibility of evidence is referenced anywhere in Malcomines' motion. Yet Tiberius dedicated two declarations – including its purported expert

opinion – and the bulk of its Opposition to attacking this straw man argument, while ignoring the arguments Malcomines did in fact make.

Cases focusing on the discoverability or admissibility of evidence are inapposite. (*See* Opp'n at 8-13 (citing cases).) The key point made by Malcomines is undisputed – that Tiberius never obtained the approval of the judge in Nigeria for the third party discovery. The point is not that evidence is inadmissible absent such approval, or that the evidence must actually be sought in Nigeria. Rather, Malcomines proved that Nigerian procedures do not allow for third party discovery absent specific approval by the judge supervising the case and that Tiberius recognized that the third party discovery it seeks here would not be permitted in this case. From these unassailable facts, Malcomines showed that Tiberius is attempting to circumvent Nigerian proof-gathering restrictions (Mem. at 9-10).

### III. TIBERIUS NEVER ADDRESSED MALCOMINES' ARGUMENT THAT TIBERIUS' REQUEST CONSTITUTES AN END-RUN AROUND APPLICABLE DISCOVERY PROCEDURES IN NIGERIA

Tiberius claimed to cover admissibility, discoverability, exhaustion, and the prohibition vel non of a § 1782 application – but never grappled with the fatal flaw that its application here seeks to circumvent Nigerian proof-gathering restrictions.

Tiberius purported to distinguish *Aventis Pharma v. Wyeth*, No. M-19-70, 2009 WL 3754191, at *1 (S.D.N.Y. Nov. 9, 2009) on the grounds that the application in that case was filed at an inappropriate time (the "eve of an appeal") and that the Court held that the discovery would frustrate the twin aims of § 1782. However, the *Aventis Pharma* Court did address whether the application there constituted "an attempt to circumvent foreign proof gathering restrictions" (*Aventis Pharma*, 2009 WL 3754191, at *1) and granted the motion to quash. *Id.* at *2. The *Aventis Pharma* Court reasoned that granting the motion to quash furthered the twin aims of § 1782 – which is precisely Malcomines' argument, set forth in Mem. at 10 (citing *Schmitz v.*

*Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004)). The decision in *Aventis Pharma* also noted that the sophisticated parties at issue there freely chose to arrange their business relationship to be governed by the foreign jurisdiction's laws – specifically including "all its requisite procedural rules." *Aventis Pharma*, 2009 WL 3754191, at *1. The decision in *Aventis Pharma* is therefore particularly apt, and Tiberius' attempt to distinguish that case lacked persuasiveness.

Tiberius also ignored the relevance of the Second Circuit's teachings in *Schmitz*, 376 F.3d at 84. The point is not whether the evidence is discoverable in the foreign jurisdiction or whether the foreign tribunal welcomes (or opposes) the assistance. As the Second Circuit explained, the foreign jurisdiction's procedures are "useful tools" to inform a court's discretion in considering an application under § 1782. *Id.* at 84 (quotation marks and alteration omitted). That is exactly why Tiberius' application should be denied: understanding Nigeria's procedural rules (and specifically the procedural rule that does not allow for third party discovery absent specific approval by the judge supervising the case) informs this Court's discretion in the matter. Allowing Tiberius' request would frustrate, rather than promote, the twin aims of § 1782 to provide efficient means of assistance to participants in international litigation in federal courts and to encourage foreign countries by example to provide similar means of assistance to American courts, because Tiberius is circumventing applicable Nigerian proof-gathering restrictions. *See id.*

**IV.    TIBERIUS NEVER CHALLENGED THE EXPERT OPINIONS OF PATRICK IKWUETO**

The only expert declaration Tiberius filed, the Declaration of Oluseye Opasanya dated December 12, 2019 (ECF No. 27) ("Opasanya Decl."), is confined to addressing the issue of admissibility of evidence. Since both parties agree that admissibility is irrelevant, it is perplexing

that Tiberius dedicated its entire expert opinion to that irrelevant topic. (*See* Reply Declaration of Patrick Ikwueto dated December 20, 2019 ("Ikwueto Reply Decl.") ¶¶ 2, 3, 5, 6.)

Perhaps even more puzzling is the filing of a copy of High Court of Lagos State (Civil Procedure) Rules 2019: Evidence Generally as an exhibit to Tiberius' *American* attorney's declaration (the Declaration of Courtney E. Scott dated December 13, 2019 (ECF No. 25)) – the document is utterly irrelevant. (*See* Ikwueto Reply Decl. ¶¶ 4-6.)

All of the opinions expressed by Patrick Ikwueto therefore stand undisputed. (*See* Ikwueto Reply Decl. ¶¶ 7-11.) There is no dispute that Nigeria procedures do not allow for third party discovery absent specific approval by the judge supervising the case, that Tiberius never sought the same or similar discovery in Nigeria, and that Tiberius necessarily recognized that such third party discovery would not be permitted. As such, the Nigerian procedures are "useful tools" (*Schmitz*, 376 F.3d at 84) to inform this Court's discretion. The twin aims of § 1782 would be thwarted, not furthered, if this discovery were allowed. *See id.* Based on these undisputed facts, the observation by the *Aventis Pharma* Court that sophisticated parties who freely chose to arrange their business relationship to be governed by a foreign jurisdiction's laws should accept and respect those restrictions is especially applicable. *See Aventis Pharma*, 2009 WL 3754191, at *1.

V.   **THE SUBPOENAS SHOULD BE QUASHED BECAUSE THE DEMAND FOR HIGHLY SENSITIVE FINANCIAL AND CUSTOMER INFORMATION IS UNDULY INTRUSIVE**

The only distinction Tiberius asserted regarding *In re MT "Baltic Soul" Produktentankschiffahrtsgesellschaft MGH*, No. 15 MISC 319(LTS), 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 6, 2015) is that that case involved judgment enforcement proceedings. (*See* Opp'n at 13-14.) Apparently, Tiberius overlooked that it already revealed to this Court that "Tiberius intends to use the evidence relating to the Target Entities in the Nigerian Action to

enable it to locate and arrest assets and to recover amounts due to it by Malcomines Ltd." (*See* Memorandum of Law in Support of Application for an Order Under 28 U.S.C. § 1782 (ECF No. 5), at 5.) In other words, the *"Baltic Soul"* decision is directly on point, and allowing Tiberius' premature, enforcement-related demands for banking and financial information would undermine the purpose of § 1782. *See In re MT "Baltic Soul" Produktentankschiffahrtsgesellschaft MGH*, 2015 WL 5824505, at *3. Furthermore, seeking such sensitive information at this stage supports Malcomines' position that Tiberius is seeking the discovery for competitive purposes.

Tiberius never even addressed the decision in *In re Noboa*, No. M19–111, 1995 WL 581713, at *4 (S.D.N.Y. Oct. 4, 1995) (cited in Mem. at 11), which required modifications to discovery requests for *inter alia* wire transfers in all accounts maintained by or on behalf of each Noboa Group entity.

Tiberius essentially conceded that a protective order is required to prevent the disclosure of the proprietary business information. (*See* Opp'n at 16 ("such concerns can easily be addressed by an appropriate protective order").) Indeed, the otherwise irrelevant decision in *In re Application of HydroDive Nigeria, Ltd.*, Misc. No. 13–MC–0477, 2013 WL 12155021, at *4 (S.D. Tex. May 29, 2013) (cited in Opp'n at 12-13) held that the objector "will be permitted to redact all [confidential] pricing information from responsive documents prior to production."

Tiberius quibbled with the common sense suggestion that any records should first be produced to Malcomines to allow Malcomines to redact confidential information, but Tiberius neither offered any solution nor addressed the well settled cases Malcomines cited providing for the objecting party to redact confidential information (*see* Mem. at 12 (citing *Hynes as Trustee of Calling Card Distribution Trust v. Giambalvo*, No. 09 CV 2599 (ARR)(LB), 2010 WL 11626954, at *3 (E.D.N.Y. May 5, 2010); *Allstate Ins. Co. v. Etienne*, No. 09-CV-3582, 2010

WL 2776078, at *1 (E.D.N.Y. July 13, 2010)). Tiberius, which argued that the Subpoenas were not "burdensome" (Opp'n at 16), ignored how invasive it is to disclose confidential customer information.

These Subpoenas should be quashed in their entirety so there is no need to address the protective order or redaction process at this time.

## CONCLUSION

For the reasons set forth above and in the moving brief, the Objectors respectfully request that the Court enter an order granting the motion to quash the Subpoenas.

Dated: New York, New York  
       December 27, 2019

ARENT FOX LLP

By: _____  
Michael S. Cryan  
1301 Avenue of the Americas  
42nd Floor  
New York, NY 10019  
Tel: (212) 484-3900  
Fax: (212) 484-3990  
E-mail: michael.cryan@arentfox.com  
*Attorneys for Objectors*  
*Malcomines Ltd., Malcomines GmbH,*  
*S&M Pan African Mines & Logistics*  
*Ltd., Michel Babic, Murtala Laushi,*  
*and Malcomines Minor Metals Ltd.*

<u>Of Counsel</u>  
Timothy J. Feighery, Esq.  
ARENT FOX LLP  
1717 K Street, N.W.  
Washington, DC 20006