UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF TIBERIUS GROUP AG FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Misc. Action No. 1:19-MC-00467<br><br>**REPLY DECLARATION OF PATRICK IKWUETO IN FURTHER SUPPORT OF MOTION TO QUASH** |

I, Patrick Ikwueto, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am a Legal Practitioner and was called (admitted) as a Barrister and Solicitor of the Supreme Court of Nigeria on 22 August 1985. I was elevated to the rank of Senior Advocate of Nigeria ("SAN") on 13 September 2004. I am a SAN of Ikwueto, a Registered Law Firm in Nigeria, and I represent Malcomines Ltd. ("Malcomines") in the action entitled *Tiberius Group AG et al. v. Malcomines Ltd.*, Suit No. LD/2657/19, before the High Court of Lagos State, Nigeria (the "Nigeria Action"). I make this reply declaration in further support of Malcomines' motion to quash. I have personal knowledge of the facts set forth in this declaration.

2. I have reviewed the Declaration of Oluseye Opasanya dated December 12, 2019 (ECF No. 27) ("Opasanya Decl.").

3. At no time in my prior declaration did I opine on the "admissibility of evidence" including but not limited to the admissibility of evidence obtained abroad. (*See* Opasanya Decl. ¶¶ 4-11.) At no time in my prior declaration did I opine that the applicable Nigerian procedures "constitute[d] a prohibition of a party's use of available legal methods in foreign countries for gathering evidence for use in civil proceedings in Nigeria." (*See* Opasanya Decl. ¶ 11.)

4. I have also reviewed the Declaration of Courtney E. Scott dated December 13, 2019 (ECF No. 25) ("Scott Decl.") and the exhibit attached thereto (ECF No. 25-1), which is a copy of the High Court of Lagos State (Civil Procedure) Rules 2019: Evidence Generally.

5. As noted above, at no time in my prior declaration did I opine on the admissibility of evidence. At no time in my prior declaration did I opine on or refer to the High Court of Lagos State (Civil Procedure) Rules 2019: Evidence Generally. I did not cite or refer to the High Court of Lagos State (Civil Procedure) Rules 2019: Evidence Generally in my prior declaration because it is irrelevant to the issues addressed in my prior declaration.

6. The issue of admissibility of evidence – including but not limited to the admissibility of evidence obtained abroad – is wholly irrelevant to the opinions expressed in my prior declaration.

7. I stated a series of opinions at ¶¶ 4-14 of my prior declaration – none of which opinions were challenged, or even addressed, by the Opasanya or Scott Declarations.

8. As explained in my prior declaration, although subpoenas are issued at the instance of a party, a third party witness is considered a "Court witness" under Nigerian law, and the Nigerian court will determine whether the subpoena should be issued to any third party witness wherever that witness may be located. I cited Order 32 Rules 10, 20, 24 and 25, Lagos Rules; section 253(2), Evidence Act in support of these propositions. Neither the Opasanya nor Scott Declarations address in any manner these authorities, or dispute the fact that a third party witness is considered a "Court witness" under Nigerian law, and as a consequence, the Nigerian court will determine whether the subpoena should be issued to any third party witness – wherever that witness may be located.

9. Based on this undisputed and unchallenged fact, there is no doubt that Tiberius is

using § 1782 to do an end run around the applicable procedures in Nigeria.

10. To allow discovery requests that circumvent applicable Nigerian procedures would frustrate, rather than promote, the two goals of § 1782, and lead to friction – not cooperation – between our two great nations.

11. Tiberius obviously recognized that Nigeria procedures do not allow for third party discovery absent specific approval by the judge supervising that case. Realizing that that such third party discovery would not be permitted, Tiberius never sought the same or similar discovery in Nigeria. Instead, Tiberius ignored Nigerian procedures and brought this ex parte proceeding in this Court, perhaps expecting that a Court in the United States may not be familiar with the significant discovery limitations imposed on parties in Nigeria. Tiberius necessarily accepted those limitations when it conducted business in Nigeria and brought the Nigeria Action. It would frustrate – rather than promote – the twin salutary aims of § 1782 if Tiberius were allowed to avoid lawful restrictions that govern both Tiberius and Malcomines in the place where these sophisticated parties chose to transact.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20 th day of December, 2019, at Abuja, Christian, Nigeria.

_____
Patrick Ikwueto

AFDOCS/21256169.3
AFDOCS/21256169.3