UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE *EX PARTE* APPLICATION OF TIBERIUS GROUP AG FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING<br><br>Applicants. | Misc. Action No.: 19-mc-00467 |
|---|---|

## [~~PROPOSED~~] PROTECTIVE ORDER

Applicant Tiberius Group AG (hereafter "Tiberius" or "Applicant") and objectors Malcomines Ltd., Malcomines GmbH, S&M Pan African Mines & Logistics Ltd., Michel Babic, Murtala Laushi, and Malcomines Minor Metals Ltd. (collectively the "Objectors"),[1] having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order, it is therefore hereby

ORDERED that any person subject to this Order – including, without limitation, Applicant and Objectors, their representatives, agents, experts and consultants, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, including with respect to the Foreign Proceedings[2]:

1. Any person subject to this Order who receives from any other person any information of any kind – whether in documents, testimony, or any other form – provided by the New York Banks[3] in connection with this Application ("Discovery Material") that is designed as

---

[1] Tiberius and the Objectors are collectively referred to herein as the "Parties," and each of them individually as a "Party."

[2] "Foreign Proceedings" refers to the proceeding in the High Court of Lagos State, Nigeria, as well as the contemplated proceedings relating to the subject matter thereof, as set forth in Tiberius' Application for an Order Under 28 U.S.C. § 1782 (ECF Doc. Nos. 7-8), and as referenced in the Court's Order of November 6, 2019 (ECF Doc. No. 12) and the Court's Order of March 6, 2020 (ECF Doc. No. No. 32).

[3] Hereafter, the "New York Banks" refers to the banks identified in Tiberius' Application (ECF Doc. Nos. 7-8), to whom subpoenas have been issued pursuant to the Court's Orders of November 6, 2019 (ECF Doc. No. 12) and March 6, 2020 (ECF Doc. No. No. 32), or any subsequent Order in this matter, or pursuant to an agreement between Tiberius and Objectors.

"Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. Any Party may designate as "Confidential" only such portions of such material relating to the Parties, collectively or to any of them, that contain non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the Party making such designation (the "Designating Party"), adversely affect that Designating Party's privacy obligations or policies, business, commercial, financial, or personal interests.

3. The Parties agree that such designation will specify the Designating Party, and provide sufficient information to the receiving party (the "Receiving Party") regarding the basis for the designation to enable the non-designating Party to evaluate the basis for such designation and enable counsel for the Parties to meet and confer regarding, and if necessary, to challenge such designation.

4. With respect to the Confidential portion of any documentary Discovery Material, Parties or their counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the documents or protected portion of the document in a manner that will not interfere with legibility, or by specifying in writing such Discovery Material in a manner sufficient to identify the documents or protected portion of the document, within seven (7) days of receipt of the Discovery Materials from Applicant or the New York Banks.

5. The Parties agree that during the period specified in Paragraph 3 for designation, or until such time earlier time as a designation of Confidentiality has been made by a Party, counsel for the Parties will treat any documentary Discovery Material as Confidential.

6. At any time prior to the termination of a Foreign Proceeding, any Discovery Material that otherwise meets the requirements of Paragraph 2 of this Order and was inadvertently not designated as "Confidential" pursuant to this Order may be designated by a Party as Confidential by informing the other Party(ies) in writing that the Discovery Materials should be treated as Confidential under this Order. Within seven (7) days after providing such notice, the Designating Party must provide a replacement copy of the affected Discovery Material bearing a "Confidential" marking that conforms to the requirements of Paragraph 4 of this Order.

7. No person subject to this Order shall disclose any of the Confidential Discovery Material, except to:

    a. Counsel, including any paralegal, clerical assistant, and other assistant employed by such counsel, retained for this Application or any Foreign Proceedings;

    b. as to any document, its author, its addresses, and any other person indicated on the face of the document as having received a copy;

    c. any witness or prospective witness, together with his or her counsel (if any), who is either (i) called to testify at deposition in this action or in the Foreign Proceedings or (ii) whom counsel for a party in good faith believes may be called to testify in this action or in the Foreign Proceedings;

    d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action or any of the Foreign Proceedings;

    e. stenographers engaged to transcribe depositions or testimony conducted in this action or in any of the Foreign Proceedings;

    f.  this Court, and the Court in any of the Foreign Proceedings, including support personnel; or

as required of a party by a legal duty, to respond to requests by law enforcement, or for use in any proceeding between the parties or their affiliates, other than the Foreign Proceedings.

  8.  Notwithstanding the other provisions of this Stipulation, a Designating Party may designate certain Confidential Information as "Attorney's Eyes Only," in which case such Confidential Information may be viewed by a Receiving Party's counsel and the parties identified in paragraph 7(a)-(b), (c) (but excluding potential witnesses), and (d)-(f), but may not otherwise be disclosed. "Attorney's Eyes Only" means that subset of Confidential Information, as defined in paragraph 2 above, which would not normally be disclosed to the Parties or to the public at large, would be maintained in confidence and that the Designating Party in good faith believes is so personally, economically, or competitively sensitive that disclosure would materially affect or threaten injury to personal, business, commercial or financial interests. Such Confidential Information includes, but is not limited to, trade secrets or other highly sensitive personal, financial, commercial or customer information. The requirements of paragraph 4 above are hereby incorporated by reference and will apply to such Attorney's Eyes Only Information produced in the Proceedings, except that the marking shall state: "Confidential — Attorney's Eyes Only" (or by specifying in writing such Attorney's Eyes Only Information in a manner sufficient to identify the documents or protected portion of the document).

  9.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of Court and kept under seal until further order of this Court. The Parties will use their reasonable best efforts to minimize such

sealing. For any document filed under seal, a redacted version of the document shall be filed on the public docket on the same day and a letter shall be filed on the public docket indicated what has been filed under seal. In the event Applicant files Confidential Discovery Material publicly in any of the Foreign Proceedings Applicant shall make good faith efforts to file such material under seal and/or in redacted form to the extent such provisions are available in the applicable jurisdiction.

10. If a Party objects to a designation of confidentiality they must serve on the Designating Party a written notice stating with particularity the grounds of the objection. If an agreement cannot be reached promptly as to a designation of confidentiality, the parties may seek a ruling from the Court by means on a joint letter application in accordance with Rule 3 of Judge Broderick's Individual Rules and Practices in Civil Cases.

11. It is stipulated and agreed by the Parties that banking information disclosing the date, amount and counterparty of a wire among the Target Entities is presumptively entitled to designation as Confidential Material.

12. It is stipulated and agreed by the Parties that banking information disclosing the date, amount and counterparty of a wire to or from any entity that is not a Target Entity is presumptively entitled to designation as Confidential — Attorney's Eyes Only.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. This Protective Order shall survive the termination of this action and the Foreign Proceedings. Within 30 days of the final disposition of the Foreign Proceedings, all Discovery Material designated as Confidential, and all copies thereof, shall be promptly destroyed. The

preceding sentence shall not apply to Discovery Material to the extent that it has been incorporated into work product (including memoranda or briefs) of a Party, and applies only upon the final disposition of all Foreign Proceedings, including the contemplated proceedings, as set forth in Tiberius' Application for an Order Under 28 U.S.C. § 1782 (ECF Doc. Nos. 7-8), as well as referenced in the Court's Order of November 6, 2019 (ECF Doc. No. 12) and the Court's Order of March 6, 2020 (ECF Doc. No. No. 32).

15. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated: New York, New York
~~DRAFT~~ April 2, 2020

*Vernon Broderick*
Vernon S. Broderick
United States District Judge